UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| SISAVANH KEOMONGKOUT | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:12-0055 |
| | ] | Judge Campbell |
| DAVID OSBORNE, WARDEN | ] | |
| Respondent. | ] | |


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Osborne, Warden of the facility, seeking a writ of habeas corpus.

### A. Background

On September 28, 2009, pursuant to a plea agreement, the petitioner pled guilty in Rutherford County to second degree murder (2 counts) and attempted first degree murder.[1] Docket Entry No.19-1 at pgs.24-26. For these crimes, he received an aggregate sentence of forty (40) years in prison. Docket Entry No.19-3 at pgs.17-18.

Having pled guilty, there was no direct appeal of the convictions taken by the petitioner. Instead, the petitioner

---

[1] The plea agreement is in the record at Docket Entry No.19-1, pgs.19-23.

1

subsequently filed a *pro se* petition for post-conviction relief in the Circuit Court of Rutherford County. Docket Entry No.19-1 at pgs.33-47. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial judge denied the post-conviction petition. *Id.* at pgs.56-60. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.19-5 at pgs.37-46.

**B. Procedural History**

On January 5, 2012, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). In the petition, the petitioner asserts five claims for relief. More specifically, he alleges that

1) counsel was ineffective for neglecting to review with the petitioner discovery provided by the prosecution, including his videotaped statement to the police, witness statements and a report suggesting the possibility of another weapon at the crime scene;[2]

2) counsel was ineffective for failing to discuss lesser included offenses with the petitioner;

3) counsel was ineffective for not explaining to the petitioner the difference between premeditated first degree murder and felony first degree murder;

4) counsel failed to inform the petitioner that he could have retained an expert to rebut the testimony of a prosecution expert;

---

[2] The petitioner was represented by Bert McCarter, a member of the Rutherford County Bar.

2

and

5) counsel should have formulated a defense based upon reckless homicide to rebut the prosecutor's theory of a premeditated murder.

Upon receipt of the petition, the Court examined it and concluded that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.13) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is respondent's Answer (Docket Entry No.18) to the petition, to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* <u>Smith v. United States of America</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### C. Analysis of the Claims

**1) Exhaustion of State Court Remedies**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. <u>Cohen v. Tate</u>, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion

3

is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). A claim has been fairly presented when the petitioner has raised both the factual and legal basis for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).[3]

It appears from the record, and the respondent concedes, that the petitioner has fully exhausted his state court remedies with respect to his ineffective assistance of counsel claims during the post-conviction proceedings. Docket Entry No.18 at pg.2. Therefore, the Court is now obliged to consider the merits of petitioner's ineffective assistance claims in light of the state court decisions

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

rejecting those claims.

**2) Fully Exhausted Claims - Standard of Review**

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts.

To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

**3) Underlying Facts Supporting the Convictions**

To place the petitioner's ineffective assistance claims in context, a brief recitation of the facts, as admitted to by the

5

petitioner at his plea hearing, would be helpful. *See* Docket Entry No.19-3 at pgs.10-11.

In June, 2008, an individual by the name of Somsack got into an altercation with some people. After the altercation, Somsack called a friend, Lakky Phosy, and asked him to bring a weapon and additional friends.

The petitioner was among several individuals recruited by Phosy to accompany Somsack when he confronted those that had previously been involved in the altercation. Somsack took his group to a party where he expected to meet some of these individuals.

Somsack and Phosy approached the party while the petitioner, armed with a loaded semi-automatic weapon, stayed behind. When a fight broke out at the party, the petitioner fired at least nine rounds into the crowd. Two party guests were killed by the gunfire and a third was seriously wounded.

When questioned by police, the petitioner acknowledged that he was given a weapon prior to the party. He admitted to bringing the weapon to the party and firing it. It was his contention that he did not intend to kill anyone but he understood that his actions did result in the loss of life.

### 4) Ineffective Assistance of Counsel

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of

this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice, in the context of a guilty plea, requires the petitioner to show that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52,59 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

At his plea hearing, the petitioner told the court that his guilty plea had not been forced or coerced. Docket Entry No.19-3 at pg.10. He acknowledged that counsel had done a good job for him and that the petitioner had "no gripes or complaints" regarding counsel. *Id.* Petitioner noted that counsel had explained to him the range of punishment he was facing, the prosecution's burden of proof as well as possible defenses. *Id.*

When asked by the trial judge, the petitioner agreed that counsel had discussed with him "the different elements of the crime of murder in the first degree, second degree, voluntary manslaughter, and all those other options in there". *Id*. at pg.11. The petitioner had no questions regarding the "options" involved.

7

*Id.*

The petitioner understood that, by pleading guilty, he was waiving certain rights. *Id.* at pgs.11-12. He admitted that he was, in fact, guilty of second degree murder. *Id.* at pgs.12-13. The petitioner agreed that counsel had done everything that he asked him to do. *Id.* at pgs.13-14. Counsel had been to the jail on several occasions to discuss the case with the petitioner. *Id.* at pg.15. Counsel had met numerous times to discuss the case with the attorney who represented the petitioner at his preliminary hearing. *Id.* at pg.16. It was acknowledged that counsel had met with the petitioner's family to explain the plea and its implications. *Id.*

The petitioner first alleges that trial counsel was ineffective for neglecting to review with him certain discovery materials, particularly his videotaped statement to the police, witness statements and a police report suggesting the possibility of another weapon at the crime scene (Claim No.1).

The state courts determined that, with respect to this claim, the petitioner had failed to provide clear and convincing evidence that counsel's performance had been deficient or that he had been prejudiced by counsel's alleged failure to review discovery items with him. Docket Entry No.19-5 at pg.44.

Obviously, the petitioner was present when he gave his videotaped statement to the police. He conceded at the post-conviction evidentiary hearing that he knew what he said in his

8

statement to the police. Docket Entry No.19-2 at pg.12. Thus, even if counsel had not reviewed the videotaped statement with him, the petitioner was not prejudiced in this regard. As for the witness statements and the police report, the petitioner believes that these documents would have been instrumental in showing that there was another shooter at the party. However, a witness statement does not need to be disclosed until after a witness has testified. Docket Entry No.19-1 at pg.58. The petitioner conceded that the police report did not conclude that a second gunman was present at the party. Docket Entry No.19-2 at pgs.37-39. Moreover, the petitioner admitted to firing a semi-automatic weapon and hitting the victims. Docket Entry No.19-3 at pgs.10-11. As a consequence, the state courts properly found no merit in this claim.

The petitioner's next claim is that counsel was deficient for failing to discuss lesser included offenses with him (Claim No.2). At the petitioner's plea hearing, he testified that counsel had discussed with him "the different elements of the crime of murder in the first degree, second degree, voluntary manslaughter, and all those other options in there." Docket Entry No.19-3 at pg.11. He acknowledged that he had no questions about any of the options. *Id.*

During his testimony at the post-conviction evidentiary hearing, however, the petitioner recanted any statements suggesting that counsel had explained lesser included offenses to him. Docket Entry No.19-2 at pg.20. Petitioner told the court that he had lied

9

at his plea hearing about discussing lesser included offenses with counsel. *Id.* Nevertheless, the petitioner did concede that counsel had discussed the lesser included offense of reckless homicide with him. *Id.* at pg.32.

Upon consideration of the petitioner's testimony, the trial judge found that his recantation was not credible. Docket Entry No.19-1 at pg.59. Such a finding is entitled to a presumption of correctness which can only be overcome by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner has offered no clear and convincing evidence to suggest that he lied under oath at his plea hearing. Therefore, the state court ruling rejecting this claim by finding that counsel had instructed the petitioner as to lesser included offenses was not contrary to federal law.[4]

The petitioner's third claim is that counsel was ineffective for not explaining the difference between premeditated first degree murder and felony first degree murder.

The petitioner pled guilty to the lesser offenses of second degree murder. Consequently, it is not readily apparent how counsel's alleged failure to explain the difference between the two

---

[4] A plea colloquy is a solemn event and "dispositions by guilty pleas are accorded a great measure of finality." Blackledge v. Allison, 431 U.S. 63,71 (1977). Because courts must be able to rely on a defendant's statements during a plea colloquy, allegations in a collateral proceeding that directly contradict sworn statements made during a properly conducted plea colloquy are usually "palpably incredible" and "patently frivolous or false". United States v. McMaster, 403 F.3d 216,221 (4th Cir.2005).

first degree murders would have changed his decision to plead guilty. In any event, as noted above, the petitioner swore under oath at his plea hearing that he went "over the different elements of the crime of murder in the first degree, second degree, voluntary manslaughter, and all those other options in there" with counsel. Docket Entry No.19-3 at pg.11. The state courts found that counsel had not been deficient in this respect. Nor had the petitioner shown any prejudice arising from counsel's alleged deficiency. This Court agrees and finds that this claim has no merit.

The fourth claim is an assertion that counsel was ineffective for failing to inform the petitioner that he could have retained an expert to rebut the testimony of a prosecution expert.

The petitioner argues that an expert could have corroborated his theory that the killings were accidental. Neither in the state courts nor here, though, has the petitioner identified the proposed expert who would have supported his theory of accidental shootings. Moreover, at the post-conviction evidentiary hearing, the petitioner admitted that he had no idea what an expert "would or wouldn't say." Docket Entry No.19-2 at pg.34. At the very least, then, the petitioner has failed to show prejudice arising from counsel's alleged error. Therefore, the petitioner has failed to show that counsel was ineffective in this regard.

Finally, the petitioner alleges that counsel was ineffective

11

for failing to formulate a defense based upon reckless homicide to rebut the prosecution's theory of premeditated murder (Claim No.5).

This claim runs contrary to the petitioner's admission at the post-conviction evidentiary hearing that counsel had discussed with him the lesser included offense of reckless homicide. *Id.* at pg.32. Having made such a admission, the petitioner is unable to now show that, but for counsel's error, he would have proceeded to trial rather than pled guilty. He was aware of this lesser included offense and its potential as a theory for the defense when he pled guilty. Therefore, the state courts did not err when they found that this claim was insufficient to establish a claim of ineffective assistance.

## D. CONCLUSION

For the reasons noted above, the petitioner has failed to state a claim upon which habeas corpus relief can be granted. Therefore, his petition will be denied and this action shall be dismissed.

                                                        */s/ Todd Campbell*
                                                       Todd Campbell
                                                       United States District Judge